1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JON PERSINGER, et al.,                    No.  2:24-cv-02967-DAD-CSK

12                 Plaintiffs,

13          v.                                  ORDER GRANTING DEFENDANT'S
                                                MOTION TO DISMISS AND DENYING
14   COUNTY OF PLACER,                          PLAINTIFFS' MOTION TO DISQUALIFY
                                                OPPOSING COUNSEL
15                 Defendant.
                                                (Doc. Nos. 11, 17)
16

17

18          This matter is before the court on defendant's motion to dismiss the first amended

19   complaint ("FAC") filed on behalf of plaintiffs Jon Persinger and his wife, Nicole Persinger, as

20   well as plaintiffs' motion to disqualify opposing counsel.  (Doc. Nos. 11, 17.)  On March 24,

21   2025, defendant's motion to dismiss was taken under submission pursuant to Local Rule 230(g).

22   (Doc. No. 18.)  On April 21, 2025, plaintiffs' pending motion to disqualify opposing counsel was

23   likewise taken under submission pursuant to Local Rule 230(g).  (Doc. No. 21.)  For the reasons

24   explained below, the court will grant defendant's motion to dismiss and will deny plaintiffs'

25   motion to disqualify opposing counsel.

26   /////

27   /////

28   /////

                                               1

1

## BACKGROUND

2      On October 29, 2024, plaintiffs filed their complaint initiating this civil rights action in

3  this court.  (Doc. No. 1.)  On January 17, 2025, plaintiffs filed the operative FAC.  (Doc. No. 10.)

4  In their FAC, plaintiffs allege as follows.[1]

5      Plaintiff Jon Persinger was employed as a deputy sheriff by the Placer County Sheriff's

6  Office ("PCSO") beginning in December 2018.  (Doc. No. 10 at ¶¶ 13, 14.)  In January 2023, a

7  civilian filed a tort claim against Placer County alleging that plaintiff Jon Persinger had engaged

8  in sexual misconduct with her.  (*Id.* at ¶ 31.)  On January 20, 2023, PCSO executed a search

9  warrant at plaintiff Jon Persinger's residence to investigate the factual allegations in that tort

10  claim.  (*Id.* at ¶¶ 33, 35.)  During the execution of that warrant, plaintiff Jon Persinger was

11  interviewed and his cell phone was searched.  (*Id.* at ¶¶ 38, 40.)  On January 21, 2023, plaintiff

12  Jon Persinger was placed on paid administrative leave while the tort claim against him was

13  investigated.  (*Id.* at ¶ 41.)  While he was on administrative leave, plaintiff Jon Persinger was

14  diagnosed as suffering from post-traumatic stress disorder ("PTSD") and on March 2, 2023

15  received a medical leave of absence note from his psychiatrist recommending that he be placed on

16  medical leave until April 1, 2023.  (*Id.* at ¶¶ 51, 55.)  On March 3, 2023, in keeping with his

17  psychiatrist's note, plaintiff did not attend a scheduled administrative interview with PCSO and

18  was thereafter provided with paperwork indicating he would be terminated from employment for

19  not attending that interview.  (*Id.* at ¶¶ 54, 64.)  Plaintiff Jon Persinger was terminated from the

20  PCSO on April 13, 2023.  (*Id.* at ¶ 89.)  On June 28, 2023, plaintiff Jon Persinger was arrested on

21  four misdemeanor charges.  (*Id.* at ¶¶ 93–103.)

22      Based upon these facts, plaintiffs assert eight claims against defendant County of Placer

23  under state and federal law:  (1) disability discrimination in violation of California Government

24  Code § 12940 ("FEHA") asserted by plaintiff Jon Persinger; (2) discharge in violation of public

25  policy asserted by plaintiff Jon Persinger; (3) breach of implied contract of continued

26

---

27  [1]  Plaintiffs' FAC spans over 50 pages and 173 paragraphs, many of which provide background information that appears to have no bearing on any of plaintiffs' claims.  (*See, e.g.,* Doc. No. 10 at

28  ¶¶ 67, 68.)  In the background section of this order, the court attempts to provide an abbreviated summary of plaintiffs' most relevant allegations.

1    employment asserted by plaintiff Jon Persinger; (4) breach of implied covenant of good faith and

2    fair dealing asserted by plaintiff Jon Persinger; (5) intentional infliction of emotional distress

3    asserted by plaintiff Jon Persinger; (6) a 42 U.S.C. § 1983 *Monell*[2] claim for an unconstitutional

4    custom, practice, or policy asserted by plaintiff Jon Persinger; (7) loss of consortium asserted by

5    plaintiff Nicole Persinger; and (8) defamation asserted by plaintiff Jon Persinger.  (*Id.* at ¶¶ 133–

6    173.)

7         On January 31, 2025, defendant filed its pending motion to dismiss plaintiffs' FAC.  (Doc.

8    No. 11.)  On February 24, 2025, defendant filed a reply arguing that the pending motion should

9    be granted due to plaintiffs' failure to file an opposition to that motion.  (Doc. No. 13.)  On

10   February 25, 2025, plaintiffs filed an untimely opposition to that motion.  (Doc. No. 15.)  No

11   reply thereto was filed by defendant.  On March 17, 2025, plaintiffs filed their pending motion to

12   disqualify opposing counsel.  (Doc. No. 17.)  On March 31, 2025, defendant filed its opposition

13   to that motion, and on April 9, 2025, plaintiffs filed their reply thereto.  (Doc. Nos. 19, 20.)

14                                   **LEGAL STANDARD**

15   **A.    Motion to Dismiss Pursuant to Rule 12(b)(6)**

16        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

17   sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

18   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

19   sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901

20   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

21   relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

22   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

23   the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*

24   *Iqbal*, 556 U.S. 662, 678 (2009).

25        In determining whether a complaint states a claim on which relief may be granted, the

26   court accepts as true the allegations in the complaint and construes the allegations in the light

27

28   [2]  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

1    most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However,

2    the court need not assume the truth of legal conclusions cast in the form of factual allegations.

3    *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  "[T]o to be entitled to the

4    presumption of truth, allegations in a complaint . . . must contain sufficient allegations of

5    underlying facts to give fair notice" to the opposing party.  *Starr v. Baca*, 652 F.3d 1202, 1216

6    (9th Cir. 2011).  While Rule 8(a) does not require detailed factual allegations, "it demands more

7    than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

8    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

9    elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676

10   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

11   statements, do not suffice.").  It is inappropriate to assume that the plaintiff "can prove facts that

12   it has not alleged or that the defendants have violated the . . . laws in ways that have not been

13   alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S.

14   519, 526 (1983).

15        In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider

16   material that is properly submitted as part of the complaint, documents that are not physically

17   attached to the complaint if their authenticity is not contested and the plaintiffs' complaint

18   necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d

19   668, 688–89 (9th Cir. 2001).

20   **B.    Motion to Disqualify Counsel**

21        Attorneys before this court are required to comply with "the standards of professional

22   conduct required of members of the State Bar of California and contained in the State Bar Act,

23   the Rules of Professional Conduct of the State Bar of California, and court decisions applicable

24   thereto[.]"  Eastern District of California L.R. 180(e).  "Motions to disqualify counsel are decided

25   under state law."  *Elliott v. Elliott*, No. 1:21-cv-00897-SAB, 2021 WL 5360091, at *2 (E.D. Cal.

26   Nov. 17, 2021) (citing *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000)).  The

27   decision to disqualify counsel is within "the discretion of the trial court as an exercise of its

28   /////

4

1  inherent powers." *Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1103 (N.D. Cal.

2  2003).

3      "Disqualification motions involve such considerations as a client's right to chosen

4  counsel, an attorney's interest in representing a client, and the financial burden on a client to

5  replace disqualified counsel." *Elliott*, 2021 WL 5360091, at *2.  Where a motion to disqualify

6  opposing counsel is brought based on a purported conflict of interest, the court may have to

7  determine whether the claimed conflict is concurrent or successive under California law.

8  *McMahon v. Whitney*, No. 2:23-cv-01972-KJM-JDP, 2024 WL 1311788, at *2 (E.D. Cal. Mar.

9  26, 2024).  "A successive conflict of interest arises when the interests of a current client conflict

10  with those of a former client.  A concurrent conflict places the interests of two current clients at

11  odds." *Id.* (internal citations omitted).  "Where successive, the primary concern is that of

12  confidentiality." *Elliott*, 2021 WL 5360091, at *2 (citing *Lennar Mare Island v. Steadfast Ins.

13  Co.*, 105 F. Supp. 3d 1100, 1108 (E.D. Cal. 2015)).  If the conflict is successive, "the court

14  determines whether the representations are substantially related, and if so, an attorney's access to

15  adverse confidential information is presumed and he or she must be disqualified." *Id.* (internal

16  quotation marks omitted).  "Whether two representations are substantially related depends on the

17  factual situation, legal questions[,] and the attorney's involvement in the two cases." *McMahon*,

18  2024 WL 1311788, at *2 (citing *Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft*, 69

19  Cal. App. 4th 223, 234 (1999)).

20      "Because of the potential for abuse, disqualification motions are subject to strict judicial

21  scrutiny." *White v. County of Sacramento*, No. 2:23-cv-01857-DC-SCR, 2025 WL 525061, at *2

22  (E.D. Cal. Feb. 18, 2025) (citing *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045,

23  1050 (9th Cir. 1985)).  "The disqualification of counsel is generally disfavored and should only

24  be imposed when absolutely necessary." *Storz Mgmt. Co. v. Carey*, 526 F. Supp. 3d 747, 752

25  (E.D. Cal. 2021) (internal quotation marks omitted).

26  /////

27  /////

28  /////

5

1                                 **DISCUSSION**

2   **A.**     **Motion to Dismiss**

3         1.     <u>Plaintiffs' *Monell* Claim (Claim 6)</u>

4         Defendant moves to dismiss plaintiffs' § 1983 *Monell* claim alleging municipal liability.

5 (Doc. No. 11-1 at 5–6.)  Defendant argues that, in plaintiffs' FAC, plaintiffs do not allege any

6 similar incidents of unconstitutional activity which could demonstrate the existence of a custom,

7 policy, or practice.  (*Id.*)  Plaintiffs argue, without citation to authority, that a claim for relief

8 under *Monell* may be based on the allegation of a single known instance of unconstitutional

9 conduct.  (Doc. No. 15 at 10.)

10         It is well-established that "a municipality cannot be held liable *solely* because it employs a

11 tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat*

12 *superior* theory."  *Monell*, 436 U.S. at 691; *see also Bd. of Cnty. Comm'rs v. Brown*, 520 U.S.

13 397, 403 (1997) ("We also recognized that a municipality may not be held liable under § 1983

14 solely because it employs a tortfeasor.").  To state a *Monell* claim against a municipality, a

15 plaintiff must allege facts demonstrating "that an 'official policy, custom, or pattern' on the part

16 of [the municipality] was 'the actionable cause of the claimed injury.'"  *Tsao v. Desert Palace,*

17 *Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010,

18 1022 (9th Cir. 2008)); *see also Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir.

19 2016) (explaining that in order to establish municipal liability under § 1983, a plaintiff must show

20 a direct causal link between the municipal policy or custom and the alleged constitutional

21 violation).

22         "In general, 'a single instance of unlawful conduct is insufficient to state a claim for

23 municipal liability under section 1983.'"  *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 935

24 (S.D. Cal. 2022) (quoting *Benavidez v. County of San Diego*, 993 F.3d 1134, 1154 (9th Cir.

25 2021)).  "Single acts may trigger municipal liability where 'fault and causation' were clearly

26 traceable to a municipality's legislative body or some other authorized decisionmaker[.]"

27 *Benavidez*, 993 F.3d at 1154 (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 406 (1997)).

28 However, where a plaintiff alleges the existence of a custom, it is insufficient to only allege a

1    single isolated incident of unconstitutional conduct. *Saved Magazine v. Spokane Police Dep't*, 19

2    F.4th 1193, 1201 (9th Cir. 2021) ("Plaintiffs' allegations amount to no more than an isolated or

3    sporadic incident that cannot form the basis of *Monell* liability for an improper custom.") (internal

4    quotation marks and brackets omitted). "In other words, Plaintiff cannot prove the existence of a

5    municipal policy or custom based solely on the occurrence of a single incident of unconstitutional

6    action by a non-policymaking employee." *Segura*, 647 F. Supp. 3d at 936 (internal quotation

7    marks omitted) (quoting *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989)).

8         Here, plaintiffs allege in conclusory fashion only that plaintiff Jon Persinger's

9    constitutional rights were violated "as a result of the customs, practices, and policies of defendant,

10   County of Placer." (Doc. No. 10 at ¶ 163.) It is not clear from the allegations of plaintiffs' FAC

11   what conduct they claim violated plaintiff Jon Persinger's rights, though it appears plaintiffs may

12   be referring to the search of plaintiff Jon Persinger's home and cellphone, as well as his arrest.

13   (*Id.* at ¶¶ 40, 93.) Moreover, plaintiffs' FAC is devoid of any factual allegations regarding other

14   instances of alleged misconduct undertaken by defendant Placer County or the PCSO. The

15   allegations discussed above, a single instance of alleged misconduct and vague, conclusory

16   allegations regarding the existence of a custom or policy, are plainly insufficient to support a

17   *Monell* claim. *Piombino v. City of Fresno*, No. 1:24-cv-00298-KES-SAB, 2024 WL 4931462, at

18   *6 (E.D. Cal. Dec. 2, 2024) (finding that a single instance of alleged misconduct cannot establish

19   a "pervasive custom or practice of constitutional violations sufficient to support a *Monell* claim");

20   *Nelson v. City of Fairfield Police Dep't*, No. 2:22-cv-01619-DJC-DB, 2024 WL 3396140, at *4

21   (E.D. Cal. July 12, 2024) (finding that, even where the plaintiff alleged a widespread custom of

22   ratifying excessive force, the plaintiff's allegations were insufficient to show a custom because

23   they relied on only a single instance of purported misconduct); *Segura*, 647 F. Supp. 3d at 936

24   ("Absent the allegations of her own isolated experience, Plaintiff alleges—at most—that the

25   County 'appears' to have an unconstitutional custom or practice. . . . This is just a bare legal

26   conclusion, however, and is insufficient to establish a plausible claim for *Monell* liability based

27   on an unofficial custom or practice."). The court therefore concludes that plaintiffs have failed to

28   allege sufficient facts to state a cognizable *Monell* claim for relief under 42 U.S.C. § 1983.

1    Accordingly, the court will grant defendant's motion to dismiss plaintiffs' sixth claim.

2         2.    State Law Claims

3    All of plaintiffs' remaining claims are brought pursuant to state law.  "Where all federal

4    claims are dismissed in an action containing both federal and state law claims, a federal court may

5    decline to exercise supplemental jurisdiction."  *Tennyson v. County of Sacramento*, No. 2:19-cv-

6    00429-KJM-EFB, 2020 WL 4059568, at *7 (E.D. Cal. July 20, 2020) (declining to exercise

7    jurisdiction where the plaintiffs' federal claims, including their *Monell* claims, were dismissed).

8         Generally, if federal claims are dismissed prior to trial, state law claims should be

9    remanded to state court "both as a matter of comity and to promote justice between the parties, by

10   procuring for them a surer-footed reading of applicable law."  *United Mine Workers v. Gibbs of*

11   *Am.*, 383 U.S. 715, 726 (1996).  The Supreme Court has found that when "federal-law claims

12   have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal

13   court should decline the exercise of jurisdiction by dismissing the case without prejudice."

14   *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  Because the court will dismiss

15   plaintiffs' federal claim for failure to state a claim, the court will also decline to exercise

16   supplemental jurisdiction over plaintiffs' remaining state law claims.  Accordingly, the court will

17   grant defendant's motion to dismiss plaintiff's state law claims.[3]

18        3.    Leave to Amend

19   Leave to amend should be granted "freely" when justice so requires.  Fed. R. Civ.

20   P. 15(a).  The Ninth Circuit maintains a policy of "extreme liberality generally in favoring

21   amendments to pleadings."  *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960).

22

23   [3]  Nevertheless, the court notes that defendant moves to dismiss plaintiffs' second, third, and
     fourth causes of action on the basis that it is immune from common law tort liability as a public

24   entity under California Government Code § 815.  (Doc. No. 11-1 at 4.)  Indeed, in their
     opposition plaintiffs concede that these claims are brought pursuant to *Tameny v. Talbot Richfield*

25   *Company*, 27 Cal.3d 167 (1980), which permits common law actions against private entities for
     wrongful termination in violation of public policy.  (Doc. No. 15 at 7.)  The court observes that

26   "[b]ecause a claim brought under *Tameny* is a 'common law, judicially created tort,' section 815
     'bars *Tameny* actions against public entities.'"  *Domino v. Cal. Dep't of Corr. & Rehab.*, No.

27   1:19-cv-01790-JLT-SKO, 2022 WL 17584394, at *8 (E.D. Cal. Dec. 12, 2022) (quoting *Miklosy*

28   *v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 899–900 (2008)).

1  Reasons "such as undue delay, bad faith or dilatory motive . . .  repeated failure to cure

2  deficiencies . . . undue prejudice to the opposing party . . . [or] futility" may support denial of

3  leave to amend.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Dismissal without leave to amend is

4  proper if it is clear that "the complaint could not be saved by any amendment."  *Intri-Plex Techs.*

5  *v. Crest Grp*., 499 F.3d 1048, 1056 (9th Cir. 2007) (citation omitted); *see also Ascon Props., Inc.*

6  *v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the

7  amendment of the complaint . . . constitutes an exercise in futility . . . .").  A district court "should

8  grant leave to amend even if no request to amend the pleading was made, unless it determines that

9  the pleading could not possibly be cured by the allegation of other facts."  *Cook, Perkiss and*

10  *Liehe, Inc. v. N. Cal. Collection Servs.*, 911 F.2d 242, 247 (9th Cir. 1990).

11        The court is aware that plaintiffs have already once amended their complaint, though

12  neither party addresses whether the court should grant further leave to amend in the event it

13  grants defendant's motion to dismiss.  The court observes that plaintiffs have not yet had the

14  opportunity to amend their complaint with the benefit of the court's reasoning addressing the

15  pleading deficiencies discussed above.  *See Tapia v. NaphCare, Inc.*, No. 22-cv-01141-JCC, 2023

16  WL 3598357, at *5 n.8 (W.D. Wash. May 23, 2023) (providing leave to amend where the

17  plaintiff had previously amended his complaint but had not yet received the benefit of the court's

18  ruling on the adequacy of his allegations), *reconsideration denied,* No. 22-cv-01141-JCC, 2023

19  WL 4201956 (W.D. Wash. June 27, 2023).  Therefore, the court will grant plaintiffs leave to

20  amend their FAC.  *See Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir.

21  2015) ("It is black-letter law that a district court must give plaintiffs at least one chance to amend

22  a deficient complaint, absent a clear showing that amendment would be futile.").

23  **B.      Motion to Disqualify Opposing Counsel**

24        Plaintiffs move to disqualify Supervising Deputy County Counsel Gregory Steven Warner

25  from representing defendant County of Placer on the grounds that he has a conflict of interest.

26  (Doc. No. 17-2 at 3–4.)  Specifically, plaintiffs contend that Deputy County Counsel Warner

27  previously represented plaintiff Jon Persinger in the case of *Hodge v. Placer County*, No. 2:20-cv-

28  01531-CKD (PC) (E.D. Cal.).  (*Id.*)  Defendant agrees that Deputy County Counsel Warner

represented plaintiff Jon Persinger in that prior civil action, but argues that plaintiffs have not shown that this action is substantially related to that prior action.  (Doc. No. 19 at 7–8.)  Because Deputy County Counsel Warner previously represented plaintiff Jon Persinger in another matter, the court analyzes whether a successive conflict of interest is presented.

A successive conflict of interest emerges "if the cases are substantially related or if the attorney reveals privileged communications of the former client or otherwise divides his loyalties."  *Mannhalt v. Reed*, 847 F.2d 576, 580 (9th Cir. 1988).  Where the attorney previously directly represented a client "it must be presumed that confidential information has passed to the attorney and there cannot be any delving into the specifics of the communications" to show whether the attorney in fact received confidential information.  *Jessen v. Hartford Cas. Ins. Co.*, 111 Cal. App. 4th 698, 709 (2003).  Because the parties agree that Deputy County Counsel Warner previously represented plaintiff Jon Persinger, the court presumes that counsel received confidential information from plaintiff Jon Persinger.  Accordingly, "disqualification will depend upon the strength of the similarities between the legal problem involved in the former representation and the legal problem involved in the current representation."  *Id.*

Plaintiffs have provided no support for their conclusory contention that the pending action is substantially related to the prior civil action.  As defendant points out, the prior action involved an alleged use of force which is not at issue or in any way referenced in the present action.  (Doc. No. 19 at 8); *see Hodge v. Placer County*, No. 2:20-cv-01531-TLN-CKD, Doc. No. 5 at 2 (describing the plaintiff's claim against Persinger as an Eighth Amendment claim for excessive force).  Plaintiffs reply without any citation to authority that mere prior representation alone is sufficient to demonstrate a substantial relationship.  (Doc. No. 20 at 2.)  This argument is unpersuasive:  "In order for a substantial relationship to exist, information material to the evaluation, prosecution, settlement[,] or accomplishment of the former representation given its factual and legal issues must also be material to the present representation."  *N.L.A. v. County of*

/////

/////

/////

10

1  *Los Angeles*, No. 15-cv-02431-DDP-GJS, 2016 WL 5661974, at *2 (C.D. Cal. Sept. 29, 2016).[4]

2  "The party seeking disqualification bears the burden of establishing *by a preponderance of the*

3  *evidence* the basis for disqualification." *White*, 2025 WL 525061, at *2 (emphasis added); *see*

4  *also id.* ("Plaintiff's motion does not set forth a clear argument for disqualification, and certainly

5  does not establish by a preponderance of the evidence a basis for disqualification. The motion is

6  denied."). Plaintiffs have failed to satisfy their burden of establishing that there exists a

7  substantial relationship between this matter and the *Hodge* case in which Deputy County Counsel

8  Warner represented plaintiff Jon Persinger. Accordingly, the court will deny plaintiffs' motion to

9  disqualify opposing counsel.

## CONCLUSION

11  For the reasons explained above,

12      1.      Defendant's motion to dismiss plaintiffs' first amended complaint (Doc. No. 11) is

13                GRANTED with leave to amend;

14      2.      Plaintiffs' motion to disqualify opposing counsel (Doc. No. 17) is DENIED;

---

16  [4] Plaintiffs argue that Deputy County Counsel Warner must be disqualified from representing

17  defendant in this action because he "actively participated in multiple motions and hearings related to Plaintiff's criminal case" and improperly acquired privileged information as a result. (Doc.

18  No. 17-2 at 5.) In support of this contention, plaintiffs rely solely on the allegations of their FAC in which they allege that Deputy County Counsel Warner attended public hearings and "obtained

19  copies of court documents." (Doc. No. 10 at ¶ 121.) Plaintiffs appear to argue that Deputy

20  County Counsel Warner improperly obtained privileged information by observing public hearings conducted in a criminal case. (Doc. No. 17-2 at 5–6); *see also Sundholm v. Hollywood Foreign*

21  *Press Ass'n*, 99 Cal. App. 5th 1330, 1334 (2024) ("The drastic remedy of disqualification of counsel is appropriate only where the attorney improperly or inadvertently received information

22  protected by the opposing party's attorney-client privilege, the information is material to the proceeding, *and* its use would prejudice the opposing party in the proceeding."). Plaintiffs have

23  cited no authority in support of the proposition that an attorney monitoring a parallel criminal proceeding somehow obtains privileged information, much less information protected by an

24  attorney-client privilege. Plaintiffs' bare assertions in this regard are clearly insufficient to provide a basis for the disqualification of defendant's counsel. *Id.* at 1343 ("In the absence of any

25  reasonable probability the privileged information would have provided Sundholm with an unfair advantage or otherwise affected the outcome of the proceeding, disqualification was improper.").

26  Plaintiffs also assert without any basis that a conspiracy exists between Deputy County Counsel Warner and the Placer County District Attorney's office and that Warner may be personally liable

27  in this action, thus warranting his disqualification. (Doc. No. 17-2 at 4–7.) The court finds these

28  conclusory assertions to have no merit.

3.    Plaintiffs shall file their second amended complaint, or alternatively, a notice of their intent not to do so, within twenty-one (21) days from the date of entry of this order.

IT IS SO ORDERED.

Dated:   **July 16, 2025**

*Dale A. Drozd*

DALE A. DROZD
UNITED STATES DISTRICT JUDGE