UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON PERSINGER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF PLACER,<br><br>　　　　Defendant. | No.  2:24-cv-02967-DAD-CSK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND DENYING DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT<br><br>(Doc. No. 26) |

This matter is before the court on defendant's motion to dismiss the second amended complaint ("SAC") filed on behalf of plaintiffs Jon Persinger and his wife, Nicole Persinger and defendant's motion to strike portions of plaintiffs' SAC.  (Doc. No. 26.)  On October 14, 2025, defendant's motion to dismiss was taken under submission pursuant to Local Rule 230(g).  (Doc. No. 29.)  For the reasons explained below, the court will grant defendant's motion to dismiss the SAC and deny defendant's motion to strike portions of plaintiffs' SAC.

## BACKGROUND

On October 29, 2024, plaintiffs filed their complaint initiating this civil rights action. (Doc. No. 1.)  On January 17, 2025, plaintiffs filed their first amended complaint ("FAC").  (Doc. No. 10.)  On July 17, 2025, the court dismissed plaintiffs' FAC with leave to amend.  (Doc. No.

1

24.) On August 6, 2025, plaintiffs filed their operative SAC in which they allege as follows.[1] (Doc. No. 25.)

Plaintiff Jon Persinger was employed as a deputy sheriff by the Placer County Sheriff's Office ("PCSO") beginning in December 2018. (Doc. No. 25 at ¶ 13.) In January 2023, a civilian filed a tort claim against Placer County alleging that she had been the victim of sexual misconduct on the part of plaintiff Jon Persinger. (*Id.* at ¶¶ 21–23.) On January 20, 2023, PCSO executed a search warrant at plaintiff Jon Persinger's residence to investigate the factual allegations in that tort claim. (*Id.* at ¶¶ 25, 31.) During the execution of that warrant, plaintiff Jon Persinger was interviewed and his cell phone was seized. (*Id.* at ¶¶ 34, 36.) On January 21, 2023, plaintiff Jon Persinger was placed on paid administrative leave while the tort claim allegations against him were investigated. (*Id.* at ¶ 41.) While he was on administrative leave, plaintiff Jon Persinger was diagnosed as suffering from post-traumatic stress disorder ("PTSD") and on March 2, 2023 received a medical leave of absence note from his psychiatrist recommending that he be placed on medical leave until April 1, 2023. (*Id.* at ¶¶ 51, 55.) On March 3, 2023, in keeping with his psychiatrist's note, plaintiff did not attend a scheduled administrative interview with PCSO and was thereafter provided with paperwork putting him on notice that he would be terminated from employment for not attending that interview. (*Id.* at ¶¶ 54, 64.) Plaintiff Jon Persinger was terminated from the PCSO on April 13, 2023. (*Id.* at ¶ 89.) On June 28, 2023, plaintiff Jon Persinger was arrested on four misdemeanor charges. (*Id.* at ¶¶ 93–103.)

Based upon these allegations, plaintiffs assert ten claims against defendant County of Placer under state and federal law: (1) violation of the Americans with Disabilities Act ("ADA"),

---

[1] In its previous order, the court observed that plaintiffs' FAC spanned over 50 pages and 173 paragraphs, many of which appeared to have no bearing on any of plaintiffs' claims. (Doc. No. 24 at 2.) Rather than abbreviate their factual allegations to clearly state their claims, plaintiffs have instead filed a SAC spanning over 55 pages and 185 paragraphs, and have attached thereto 190 pages of exhibits. (Doc. No. 25.) Again, the SAC contains extensive information appearing to have no bearing on any of plaintiffs' claims. In the background section of this order, the court again has attempted to provide an abbreviated and coherent summary of plaintiffs' most essential and potentially relevant allegations.

2

42 U.S.C. § 12102, asserted by plaintiff Jon Persinger; (2) a 42 U.S.C. § 1983 *Monell*[2] claim for an unconstitutional custom, practice, or policy asserted by plaintiff Jon Persinger; (3) a 42 U.S.C. § 1983 claim for violation of the Fourth Amendment asserted by plaintiff Jon Persinger; (4) a 42 U.S.C. § 1983 claim for retaliation in violation of the First Amendment asserted by plaintiff Jon Persinger; (5) a 42 U.S.C. § 1983 claim for unlawful termination in violation of the First and Fourteenth Amendments asserted by plaintiff Jon Persinger; (6) loss of consortium asserted by plaintiff Nicole Persinger; (7) intentional infliction of emotional distress asserted by plaintiff Jon Persinger; (8) employment discrimination in violation of California Government Code § 12940 ("FEHA") asserted by plaintiff Jon Persinger; (9) defamation asserted by plaintiff Jon Persinger; and (10) violation of California Civil Code §§ 56.20–56.245 asserted by plaintiff Jon Persinger. (*Id.* at ¶¶ 134–85.)

On August 20, 2025, defendant filed its pending motion to dismiss plaintiffs' SAC. (Doc. No. 26.) On September 3, 2025, plaintiffs filed their opposition to that motion and on September 15, 2025, defendant filed its reply thereto. (Doc. Nos. 27, 28.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light

---

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

1    most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However,
2    the court need not assume the truth of legal conclusions cast in the form of factual allegations.
3    *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  "[T]o to be entitled to the
4    presumption of truth, allegations in a complaint . . . must contain sufficient allegations of
5    underlying facts to give fair notice" to the opposing party.  *Starr v. Baca*, 652 F.3d 1202, 1216
6    (9th Cir. 2011).  While Rule 8(a) does not require detailed factual allegations, "it demands more
7    than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A
8    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
9    elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676
10   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
11   statements, do not suffice.").  It is inappropriate to assume that the plaintiff "can prove facts that
12   it has not alleged or that the defendants have violated the . . . laws in ways that have not been
13   alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S.
14   519, 526 (1983).

       In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider
material that is properly submitted as part of the complaint, documents that are not physically
attached to the complaint if their authenticity is not contested and the plaintiffs' complaint
necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d.
668, 688–89 (9th Cir. 2001).

**DISCUSSION**

**A.    ADA Violation (Claim 1)[3]**

       Defendant moves to dismiss plaintiff's first claim for violation of the ADA on the basis
that plaintiffs' allegations in support thereof are wholly conclusory and that plaintiffs have not

---

[3] Defendant moves to strike this and other claims as being outside the scope of the leave to amend granted by the court in its July 17, 2025 order. (Doc. No. 26-1 at 8–9.) "District courts in this circuit generally allow plaintiffs to add new claims and/or parties to an amended complaint where a prior order of dismissal granted leave to amend without limitation." *Nacarino v. Chobani, LLC*, 668 F. Supp. 3d 881, 900–01 (N.D. Cal. 2022) (cleaned up and citations omitted). The court's July 17, 2025 order granted leave to amend without stating any limitations. (Doc. No. 24 at 11.) Accordingly, the court will deny defendant's motion to strike.

1  alleged intentional discrimination.  (Doc. No. 26-1 at 7–8.)  Plaintiffs argue that they have alleged
2  that plaintiff Jon Persinger suffers from PTSD, that he was refused certain accommodations and
3  medical leave, and that these allegations are sufficient to allege intentional discrimination.  (Doc.
4  No. 27 at 9–10.)

5        A district court may dismiss a plaintiff's complaint for failure to comply with Federal
6  Rule of Civil Procedure 8.  *See McLaughlin v. McCloud*, No. 20-35339, 2023 WL 2555704, at *1
7  (9th Cir. Mar. 17, 2023).[4]  Rule 8 requires that a pleading must contain "a short and plain
8  statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).
9  The court's authority to dismiss pursuant to Federal Rule of Civil Procedure 8 may be exercised
10  *sua sponte*.  *Washington v. City of Glendale Police Dep't*, No. 2:18-cv-06519-CBM-MAA, 2019
11  WL 13243998, at *1 (C.D. Cal. Apr. 4, 2019).

12        To state a claim for disability discrimination, "the plaintiff must allege four elements:  (1)
13  the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate
14  in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff
15  was either excluded from participation in or denied the benefits of the public entity's services,
16  programs, or activities, or was otherwise discriminated against by the public entity; and (4) such
17  exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability."
18  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  "In an action for monetary relief under
19  Title II, a plaintiff must additionally allege intentional discrimination by the defendant.
20  Intentional discrimination under the ADA means that the deliberate indifference standard
21  applies."  *Goodwin v. Marin County Transit Dist.*, 675 F. Supp. 3d 1016, 1025 (N.D. Cal. 2022)
22  (internal quotation marks and citations omitted) (citing *Duvall v. County of Kitsap*, 260 F.3d
23  1124, 1138 (9th Cir. 2001)).  "Deliberate indifference requires both knowledge that a harm to a
24  federally protected right is substantially likely, and a failure to act upon that likelihood."  *Wilkins-*
25  *Jones v. County of Alameda*, 859 F. Supp. 2d 1039, 1044 (N.D. Cal. 2012) (internal quotation
26  marks omitted) (quoting *Duvall*, 260 F.3d at 1139).

---

[4] Citation to unpublished Ninth Circuit opinions in this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1 In their SAC, plaintiffs merely recite in conclusory fashion the elements of an ADA claim
2 but do not allege any facts in support of that claim nor even what theory of liability under the
3 ADA plaintiffs are asserting. (Doc. No. 25 at ¶¶ 134–138.) For example, it is unclear from
4 plaintiffs' SAC whether plaintiffs are asserting claims based on abusive and discriminatory
5 conduct by certain employees of defendant or whether they are instead asserting that plaintiff Jon
6 Persinger was denied some reasonable accommodation. *See, e.g., Wagon v. Rocklin Unified Sch.*
7 *Dist.*, No. 2:17-cv-01666-TLN-KJN, 2019 WL 2577336, at *4–5 (E.D. Cal. June 24, 2019)
8 (finding that allegations of bullying which have a nexus to an alleged disability are sufficient to
9 state a cognizable claim for relief under Title II); *see also Prado v. City of Berkeley*, No. 23-cv-
10 04537-EMC, 2024 WL 3697037, at *22 (N.D. Cal. Aug. 6, 2024) (dismissing an ADA claim
11 because the plaintiffs had failed to allege that they had requested a reasonable accommodation
12 and were denied that accommodation). Moreover, plaintiffs have not identified specific
13 accommodations that defendant failed to provide, as is required in order to state a claim of
14 intentional discrimination. *See Torres v. Super. Ct. of Cal. County of Riverside*, No. 1:19-cv-
15 01692-DAD-GSA (PC), 2021 WL 289383, at *6 (E.D. Cal. Jan. 28, 2021) ("The ADA plaintiff
16 must both 'identify "specific reasonable" and "necessary" accommodations that the state failed to
17 provide' and show that the defendant's failure to act was 'a result of conduct that is more than
18 negligent and involves an element of deliberateness.'") (quoting *Duvall v. County of Kitsap*, 260
19 F.3d 1124, 1138 (9th Cir. 2001)).

20 In their opposition to the pending motion, plaintiffs argue that they have alleged that
21 defendant deliberately refused plaintiff Jon Persinger accommodations during interviews, refused
22 him medical leave, "sent CAD detail reports in a manner calculated to re-traumatize him," and
23 "undertook retaliatory employment actions influenced by the absence of accommodations."
24 (Doc. No. 27 at 9.) This assertion in plaintiffs' opposition, listing multiple possible theories, only
25 further muddies the waters regarding what theory plaintiffs are attempting to proceed under as to
26 the ADA claim. This is exacerbated by plaintiffs' failure to specify in their opposition what
27 accommodations were denied under a reasonable accommodation theory or what retaliatory or
28 discriminatory employment actions were purportedly taken. The court recognizes that plaintiffs

6

1   may have alleged some fact which might be construed as supporting an ADA claim in their 57-
2   page SAC, but Rule 8 "is also violated [] when a pleading says *too much*." *Knapp v. Hogan*, 738
3   F.3d 1106, 1109 (9th Cir. 2013) (emphasis in original).  "A complaint should 'fully set[ ] forth
4   who is being sued, for what relief, and on what theory . . . .'" *Salazar v. County of Orange*, 564
5   F. App'x 322, 322 (9th Cir. 2014) (alterations in original) (quoting *McHenry v. Renne*, 84 F.3d
6   1172, 1177 (9th Cir. 1996)).  Because the SAC does not adequately identify on what theory
7   defendant is being sued with respect to plaintiffs' ADA claim, the court will grant defendant's
8   motion to dismiss plaintiffs' first cause of action.

**B.     § 1983 Claims (Claims 2, 3, 4, and 5)**

On July 17, 2025, the court dismissed plaintiffs' § 1983 claim brought under a *Monell* theory of municipal liability as asserted in their first amended complaint for failing to allege more than a single instance of unconstitutional conduct. (Doc. No. 24 at 6–7.)  Defendant now moves to dismiss plaintiffs' claims brought pursuant to § 1983 on the basis that plaintiffs have again failed to allege in their SAC more than a single instance of unconstitutional conduct. (Doc. No. 26-1 at 6–8.)  Plaintiffs contend that, in their SAC, they have now detailed "at least 15 interconnected incidents" which establish a pattern or policy of unconstitutional conduct by defendant.  (Doc. No. 27 at 8–9.)  This contention is entirely unpersuasive:  A review of the SAC reveals that plaintiffs have not alleged even one more instance of unconstitutional conduct but have rather merely subdivided defendant's course of conduct towards plaintiff Jon Persinger into what they purport to be "15 interconnected incidents."[5]  (Doc. No. 25 at ¶¶ 153–168); *see also Klahn v. Dublin Police Dep't*, No. 16-cv-00833-JCS, 2016 WL 5908919, at *4, 6 (N.D. Cal. Oct. 11, 2016) (finding that the plaintiff's failure to plausibly allege a custom was not cured upon

---

[5] Plaintiffs' third, fourth, and fifth claims appear to allege that defendant is vicariously liable for constitutional violations committed by its employees. (Doc. No. 25 at ¶¶ 152–69 (alleging that "defendants" acted under color of state law to violate plaintiff Jon Persinger's constitutional rights)). "A municipality is not liable under § 1983 simply because its employees or agents violated a plaintiff's right." *Gonzalez v. County of Los Angeles*, No. 2:22-cv-08525-MCS-AS, 2023 WL 8114381, at *5 (C.D. Cal. Aug. 2, 2023) (citing *Monell*, 436 U.S. at 691). To the extent that plaintiffs' § 1983 claims are based on a vicarious liability theory, the court will grant defendant's motion to dismiss.

7

1 amendment where the plaintiff failed to add any new factual allegations). Even if the court
2 treated plaintiffs' SAC as a substantive amendment, "a *Monell* claim generally requires more than
3 'sporadic' incidents." *Bowers v. City of Porterville*, No. 1:23-cv-01483-KES-SAB, 2024 WL
4 2115833, at *7 (E.D. Cal. May 9, 2024) (citing *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)
5 ("Liability for improper custom may not be predicated on isolated or sporadic incidents.")).
6 In short, plaintiffs' *Monell* claims fail for the same reasons articulated in the court's July
7 17, 2025 order. Accordingly, the court will grant defendant's motion to dismiss plaintiffs' § 1983
8 claims.

9 **C.      State Law Claims (Claims 6, 7, 8, 9, and 10)**

10 All of plaintiffs' remaining claims are brought pursuant to state law. "Where all federal
11 claims are dismissed in an action containing both federal and state law claims, a federal court may
12 decline to exercise supplemental jurisdiction." *Tennyson v. County of Sacramento*, No. 2:19-cv-
13 00429-KJM-EFB, 2020 WL 4059568, at *7 (E.D. Cal. July 20, 2020) (declining to exercise
14 jurisdiction where the plaintiffs' federal claims, including their *Monell* claims, were dismissed).
15 Generally, if federal claims are dismissed prior to trial, state law claims should be
16 remanded to state court "both as a matter of comity and to promote justice between the parties, by
17 procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs of*
18 *Am.*, 383 U.S. 715, 726 (1966). The Supreme Court has found that when "federal-law claims
19 have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal
20 court should decline the exercise of jurisdiction by dismissing the case without prejudice."
21 *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).
22 Because the court will dismiss plaintiffs' federal claim for failure to state a claim, the
23 court will also decline to exercise supplemental jurisdiction over plaintiffs' remaining state law
24 claims. Accordingly, the court will grant defendant's motion to dismiss plaintiff's state law
25 claims.

26 **D.      Further Leave to Amend**

27 Leave to amend should be granted "freely" when justice so requires. Fed. R. Civ.
28 P. 15(a). The Ninth Circuit maintains a policy of "extreme liberality generally in favoring

8

amendments to pleadings." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960). Reasons "such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies . . . undue prejudice to the opposing party . . . [or] futility" may support denial of leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is proper if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citation omitted); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . ."). A district court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

In light of plaintiffs' failure to add any new allegations to support the conclusion that defendant acted pursuant to an official policy or custom, the court finds that further amendment of plaintiffs' *Monell* claims—claims 2, 3, 4, and 5—would be futile here. Accordingly, further leave to amend plaintiffs' *Monell* claims will not be granted in light of plaintiffs' failure to cure the previously noted pleading deficiencies despite the benefit of the court's guidance. *See Klahn*, 2016 WL 5908919, at *6 (denying leave to amend where the plaintiff had failed to add any new factual allegations in his amendment); *see also Cottrell v. AT&T Inc.*, No. 19-cv-07672-JCS, 2021 WL 1022855 (N.D. Cal. Mar. 17, 2021) (same). However, the court cannot find that amendment would be futile as to plaintiffs' new claim asserting violation of the ADA. *See Zwerling v. Ford Motor Co.*, No. 5:19-cv-03622-EJD, 2023 WL 2899524, at *7 (N.D. Cal. Apr. 10, 2023) (denying leave to amend as to previously alleged claims where the plaintiff failed to cure defects upon amendment but granting leave to amend as to new claims). Accordingly, the court will grant further leave to amend as to plaintiff's ADA claim.

## CONCLUSION

For the reasons explained above,

1. Defendant's motion to dismiss plaintiffs' second amended complaint (Doc. No. 26) is GRANTED;

2. Plaintiffs are GRANTED leave to amend with respect to their ADA claim[6] to address the deficiencies identified in this order;

3. Plaintiffs are otherwise DENIED leave to amend;

4. Defendant's motion to strike portions of plaintiffs' second amended complaint (Doc. No. 26) is DENIED;

5. Plaintiffs shall file their third amended complaint, or alternatively, a notice of their intent not to do so, within twenty-one (21) days from the date of entry of this order.

IT IS SO ORDERED.

Dated:  **November 12, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[6] If plaintiffs elect to file a third amended complaint in an attempt to assert a cognizable ADA claim, they may also include their state law claims which have been dismissed in this order based upon the court's declining to exercise supplemental jurisdiction after all federal claims have been dismissed.

10