OFFICE OF THE PLACER COUNTY COUNSEL
Nataliya Shtevnina (SBN 339094)
Shaun P. McGrady (260137)
175 Fulweiler Avenue
Auburn, California 95603
Telephone:   (530) 889-4044
Facsimile:    (530) 889-4069
Email: CCL-eservice@placer.ca.gov

Attorneys for Defendant COUNTY OF PLACER

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON PERSINGER AND NICOLE PERSINGER,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF PLACER, DOES 1 - 100, INCLUSIVE,<br><br>Defendant. | Case No. 2:24-cv-02967-DAD-CSK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>Date:          February 2, 2026<br>Time:         1:30 p.m.<br>Judge:        Dale A. Drozd<br>Courtroom:  4, 15th Floor<br><br>Complaint Filed: October 29, 2024<br>FAC Filed:       January 17, 2025<br>SAC Filed:       August 6, 2025<br>TAC Filed:       December 3, 2025 |

///

///

///

///

1

**INTRODUCTION**

Defendant County of Placer submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss Plaintiffs' Third Amended Complaint.  Defendant County of Placer is moving for an order of dismissal pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) and Rule 8 on the grounds that:

1.  The 3rd, 5th, and 6th causes of action (hereinafter "State Claims") fail to state a cause of action upon which relief may be granted, pursuant to Cal. Gov. Code sections 815 and 815.2, as the County may only be liable as specified by statute; and

2.  The 1st cause of action (ADA claim) fails to state a claim on the basis that Plaintiffs' allegations are conclusory and Plaintiffs have not alleged intentional discrimination.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This action arises from a number of incidents which allegedly occurred between January 20, 2023 and October 7, 2024. The incidents generally relate to the independent termination of Plaintiff Jon Persinger's ("Plaintiff's") employment with the County as well as the criminal investigation and prosecution of Plaintiff for alleged acts which he committed while on and off duty as a deputy sheriff. Co-Plaintiff Nicole Persinger's ("Co-Plaintiff's") claim for loss of consortium is based upon the alleged wrongful action suffered by Plaintiff.

Plaintiffs filed the original Complaint on October 29, 2024 against the County of Placer ("County" or "Defendant"). ECF No. 1. The Complaint contained a mixture of federal and state claims. After meeting and conferring over the allegations in the Complaint, Plaintiff voluntarily filed the First Amended Complaint ("FAC"). ECF No. 10. The FAC contained eight causes of action, retitled as follows: 1) Employment Discrimination (disability), 2) Discharge in Violation of Public Policy, 3) Breach of Implied Contract of Continued Employment, 4) Breach of Implied Covenant of Good Faith and Fair Dealing, 5) Intentional Infliction of Emotional Distress, 6) § 1983 *Monell* Claim for violations of Plaintiffs' 4th, 5th, 8th, 9th, 10th, and 14th Amendment rights, 7) Loss of Consortium (Co-Plaintiff only), and 8) Defamation.

///

MEMORANDUM OR POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO FRCP NO. 12(b)(6) AND RULE 8

On January 31, 2025, Defendant filed a Motion to Dismiss Plaintiffs' FAC pursuant to FRCP Rule 12(b). ECF No. 11. On February 24, 2025, Defendant filed a Reply to Plaintiffs' Non-Opposition Received. ECF No. 13. On February 25, 2025, Plaintiffs filed an untimely Opposition to Defendant's Motion to Dismiss the FAC and to Defendant's Reply to Non-Opposition Received. ECF No. 15. On March 17, 2025, Plaintiffs filed a Motion to Disqualify Opposing Counsel, and on March 31, 2025, Defendant filed an Opposition to Plaintiffs' Motion to Disqualify. ECF Nos. 17, 19. The Court took both motions under submission without oral argument. ECF Nos. 18, 21.

On July 17, 2025, the Court issued an Order dated July 16, 2025, granting Defendant's Motion to Dismiss and denying Plaintiffs' Motion to Disqualify Opposing Counsel. ECF No. 24. In its Order, the Court held that Plaintiffs failed to allege sufficient facts to state a cognizable *Monell* claim for relief under 42 U.S.C. § 1983. ECF No. 24, at 7-8. As a result of the federal claim being dismissed, the Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law causes of action. ECF No. 24, at 8. The Court observed Plaintiffs "have not yet had the opportunity to amend their complaint with the benefit of the court's reasoning addressing the pleading deficiencies discussed," and "grant[ed] plaintiffs leave to amend their FAC." ECF No. 24, at 9.

On August 6, 225, Plaintiffs filed a Second Amended Complaint ("SAC"). ECF No. 25. The SAC alleged 10 causes of action against the County, including: 1) Violation of the Americans with disabilities Act (ADA); (2) Municipal Liability under *Monell* (42 U.S.C. § 1983); (3) Violation of Fourth Amendment rights (42 U.S.C. § 1983); (4) Retaliation in Violation of the First Amendment (42 U.S.C. § 1983); (5) Unlawful Termination in Violation of Plaintiffs' First and Fourteenth Amendment (42 U.S.C. § 1983); (6) Loss of Consortium (Co-Plaintiff only); (7) Intentional Infliction of Emotional Distress; (8) Discrimination in Violation of Cal. Govt. Code § 12940; (9) Defamation; and (10) Violation of California Civil Code §§ 56.20-56.245. *See id.*

On August 20, 2025, the County filed a Motion to Dismiss and Motion to Strike Plaintiffs' SAC. ECF No. 26. On September 3, 2025, Plaintiffs filed their Opposition to Defendant's Motion to Dismiss and Motion to Strike the SAC. ECF No. 27. On September 15, 2025, the County filed its Reply. ECF No. 28. On November 13, 2025, the Court issued an order granting the County's Motion to Dismiss Plaintiffs' SAC and denying the County's Motion to Strike. ECF No. 30.

MEMORANDUM OR POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO FRCP NO. 12(b)(6) AND RULE 8

The Court granted the County's motion to dismiss the ADA claim on the basis that "the SAC d[id] not adequately identify on what theory defendant [was] being sued with respect to plaintiffs' ADA claim" *See id.* at 7. The Court also found that "plaintiffs' *Monell* claims fail[ed] for the same reasons articulated in the court's July 17, 2025 order." On that basis, the Court granted the County's motion to dismiss Plaintiffs' Section 1983 *Monell* claims. *See id.* at 8. The Court further held that "leave to amend plaintiffs' *Monell* claims w[ould] not be granted in light of plaintiffs' failure to cure the previously noted pleading deficiencies despite the benefit of the court's guidance." *See id.* at 9. However, the Court granted Plaintiffs leave to amend only as to Plaintiffs' ADA claim. As to Plaintiffs' state law claims, the Court declined to exercise supplemental jurisdiction. *Id.*

On December 3, 2025, Plaintiffs filed the operative Third Amended Complaint ("TAC"). Plaintiffs filed causes of action for (1) Violation of the Americans with Disabilities Act (ADA), Title I, 42 U.S.C. § 12112 and 12112(B)(5)), (2) Discrimination in Violation of Cal. Govt. Code § 12940, (3) Defamation, (4) Violation of California Civil Codes § 56.20-56.245 (Confidentiality of Medical Information), (5) Intentional Infliction of Emotional Distress, and (6) Loss of Consortium.  ECF No. 31. Plaintiffs' TAC spans 35 pages and 156 paragraphs, and attaches 25 pages of exhibits. *Id.*

## II.

## LEGAL STANDARD

### A.  Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic

MEMORANDUM OR POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO FRCP NO. 12(b)(6) AND RULE 8

recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. See *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001).

Furthermore, a district court may dismiss a plaintiff's complaint for failure to comply with Federal Rule of Civil Procedure, Rule 8. *See McLaughlin v. McCloud*, No. 20-35339, 2023 WL 2555704, at *1 (9th Cir. Mar. 17, 2023). Rule 8 requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2); *see, also, McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint does not comply with Rule 8 if "one cannot determine from the complaint who is being sued, for what relief, and on what theory"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (a complaint that is "verbose, confusing and conclusory" violates Rule 8).

**III.**

**DISCUSSION**

**A. The 3rd, 5th, and 6th Causes of Action ("State Claims") Fail to State a Cause of Action Upon Which Relief May be Granted, Pursuant to Cal. Gov. Code Sections 815 and 815.2, As The County May Only be Liable as Specified by Statute.**

"Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov. Code § 815. "In view of the fact that tort causes of action against public entities

5

are now based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable. Every fact essential to the existence of statutory liability must be pleaded." *Susman v. City of Los Angeles* (1969) 269 Cal. App. 2d 803, 809. "[A] common law negligence claim may not be asserted against the County." *Doe v. Los Angeles County Dept. of Child & Fam. Servs.,* (2019) 37 Cal. App. 5th 675, 686 (as modified July 18, 2019). Direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care. Cal. Gov. Code § 815; *Eastburn v. Regional Fire Protection Authority*, 31 Cal. 4th 1175, 1183 (2003).

Plaintiff's 3rd cause of action for defamation and 5th cause of action for intentional infliction of emotional distress ("IIED"), and Co-Plaintiff's 6th cause of action for loss of consortium are all premised on common legal theories which are not based on statute. *See, Shively v. Bozanich*, 31 Cal. 4th 1230, 1244 (2003), *as modified*, (Dec. 22, 2003) (analyzing defamation under a common law framework); *Hebrew Acad. of San Francisco v. Goldman*, 42 Cal. 4th 883, 892 (2007) (same); *Murray v. Oceanside Unified Sch. Dist.*, 79 Cal. App. 4th 1338, 1363 (2000) (referring to IIED as a "common law cause of action"); *LeFiell Mfg. Co. v. Superior Ct.*, 55 Cal. 4th 275, 284 (2012) (analyzing loss of consortium as a "common law" claim). Furthermore, the TAC alleges no statutes that creates direct liability on the County under defamation, IIED, and loss of consortium. As these stated causes of action are not based on a California statute which prescribes a duty that must be followed by the County, these causes of action are barred by California Government Code section 815 and should be dismissed.

**B. The 1st Cause of Action Fails to State a Claim for Relief Because Plaintiffs' Allegations are Conclusory and Plaintiffs Have Failed to Allege Intentional Discrimination.**

The first claim (ADA Claim) asserted against the County is conclusory and fails to state a plausible claim for relief. To state a claim for disability discrimination under Title I, "plaintiff must provide facts indicating: (1) he has a disability within the meaning of the ADA; (2) he is capable of performing the essential functions of the job; and (3) the employer terminated him due to his disability." *Van Den Heuvel v. Sooth*, No. 223CV361TLNKJNPS, 2023 WL 3045768, at *2 (E.D.

6

Cal. Apr. 21, 2023) (*citing Nunes v. Wal–Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999)). Here, there are no such facts in the TAC that could plausibly relate to an ADA employment discrimination claim as Plaintiff's alleged interactions with the County are solely related to the County's investigation of Plaintiff due to his criminal case, not in his role as an employee. *See* ECF No. 31 at ¶¶ 22-56; *Van Den Heuvel*, 2023 WL 3045768, at *2 (dismissing plaintiff's Title I claim for failure to state a claim under Rule 12(b)(6) after finding that plaintiff's interactions with defendant "appear to have been related to his time as a criminal defendant in court—and not as an employee"). Furthermore, Plaintiffs have not alleged facts demonstrating that the County terminated Plaintiff due to his disability. *See id.*; *see, also, West v. Scott Lab'ys, Inc.*, No. 23-15502, 2023 WL 6172009, at *1 (9th Cir. Sept. 22, 2023) (holding the "district court properly dismissed [plaintiff's] action because [plaintiff] failed to allege facts sufficient to show that his employer regarded [plaintiff] as having an impairment within the meaning of the ADA, that his employer had a record of [plaintiff] having had any such impairment, or that his employer retaliated against him because of protected activity.").

To state a claim for disability discrimination under Title II, "the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). "In an action for monetary relief under Title II, a plaintiff must additionally allege intentional discrimination by the defendant. Intentional discrimination under the ADA means that the deliberate indifference standard applies." *Goodwin v. Marin County Transit Dist.*, 675 F. Supp. 3d 1016, 1025 (N.D. Cal. 2022) (internal quotation marks and citations omitted) (citing *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001)). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Wilkins-Jones v. County of Alameda*, 859 F. Supp. 2d 1039, 1044 (N.D. Cal. 2012) (internal quotation marks omitted) (quoting *Duvall*, 260 F.3d at 1139).

///

MEMORANDUM OR POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO FRCP NO. 12(b)(6) AND RULE 8

In their TAC, Plaintiffs allege in conclusory fashion that Defendant "acted with deliberate indifference to Plaintiff's federally protected rights." *See* ECF No. 31 at 16, 18. Plaintiffs, however, fail to allege any specific facts that demonstrate deliberate indifference on behalf of any County employee. *See id.* Plaintiffs further do not identify the specific accommodations that the County failed to provide, as is required in order to state a claim of intentional discrimination. *See Torres v. Super. Ct. of Cal. County of Riverside*, No. 1:19-cv-01692-DAD-GSA (PC), 2021 WL 289383, at *6 (E.D. Cal. Jan. 28, 2021) ("The ADA plaintiff must both 'identify "specific reasonable" and "necessary" accommodations that the state failed to provide' and show that the defendant's failure to act was 'a result of conduct that is more than negligent and involves an element of deliberateness.'") (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001)).

Although Plaintiff presents a list of alleged events that purportedly support his claim for disability discrimination, Plaintiff still fails to specify what accommodations were requested and/or denied. *See* ECF No. 31, at 15-17; *see Prado v. City of Berkeley*, No. 23-cv-04537-EMC, 2024 WL 3697037, at *22 (N.D. Cal. Aug. 6, 2024) (dismissing ADA claim because the plaintiffs had failed to allege that they had requested a reasonable accommodation and were denied that accommodation); *Doose v. Wal-Mart Stores, Inc.*, No. CV 12-00599 RS, 2012 WL 13254284, at *3 (N.D. Cal. Apr. 16, 2012) (dismissing claims brought under ADA after finding that the complaint "does not sufficiently identify [plaintiff's] disability, describe [plaintiff's] request for an accommodation, or explain what Wal-Mart did in response."). Thus, the County still does not have fair notice of what Plaintiff's "claim is and the ground upon which it rests." *See Gladle v. McDonald*, No. CV15-57-CAS(FFMX), 2016 WL 67672, at *2 (C.D. Cal. Jan. 4, 2016).

Accordingly, Plaintiffs' claim for discrimination under the ADA must be dismissed based on these deficiencies under Federal Rule of Civil Procedure, Rule 12(b)(6) and Rule 8.

///
///
///
///
///

8

**IV.**

**<u>CONCLUSION</u>**

For all of the above stated reasons, the County respectfully requests that the Court grant Defendant's Motion to Dismiss Plaintiffs' Third Amended Complaint without leave to amend.

Dated: December 17, 2025                    OFFICE OF THE PLACER COUNTY COUNSEL

                                        By:    */s/ Nataliya Shtevnina*
                                               Nataliya Shtevnina
                                               Shaun P. McGrady
                                               Attorneys for Defendant
                                               COUNTY OF PLACER

MEMORANDUM OR POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO FRCP NO. 12(b)(6) AND RULE 8