David Foyil (SBN 178067)
Equal Justice Law Group
601 Court Street, Suite 106
Jackson, CA 95642
mail@equaljusticelawgroup.com

Attorney for Jon Persinger and Nicole Persinger

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JON PERSINGER AND NICOLE PERSINGER, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF PLACER, DOES 1 - 100, INCLUSIVE, <br><br> Defendant. | Case No. 2:24-cv-02967-DAD-CSK <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT** <br><br> **Date:** February 2, 2026 <br> **Time:** 1:30 p.m. <br> **Judge:** Dale A. Drozd <br> **Department:** 4, 15th Floor <br><br> **Complaint Filed:** October 29, 2024 <br> **FAC Filed:** January 17, 2025 <br> **SAC Filed:** August 6, 2025 <br> **TAC Filed:** December 3, 2025 |

**INTRODUCTION**

Defendant County of Placer ("County" or "Defendant") moves to dismiss Plaintiffs Jon Persinger and Nicole Persinger's ("Plaintiffs") Third Amended Complaint ("TAC") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8. The County seeks dismissal of (1) Plaintiffs' Third,

1

Fifth, and Sixth Causes of Action for defamation, intentional infliction of emotional distress, and loss of consortium on the ground that the County may only be held liable as expressly authorized by statute under California Government Code sections 815 and 815.2, and (2) Plaintiffs' First Cause of Action for violation of the Americans with Disabilities Act ("ADA"), Title I, 42 U.S.C. §§ 12112 and 12112(b)(5), on the asserted basis that Plaintiffs' allegations are conclusory and fail to allege intentional discrimination.

The County's Motion should be denied. At the pleading stage, Plaintiffs are required only to allege sufficient factual matter, accepted as true, to state claims that are plausible on their face. The TAC meets this standard. Plaintiffs plead specific facts describing Defendant's conduct, the statutory bases for liability, and the resulting harm to Plaintiffs. Contrary to Defendant's assertions, California Government Code sections 815 and 815.2 do not bar Plaintiffs' state-law claims where, as here, Plaintiffs allege vicarious liability under Government Code section 815.2 for tortious acts of County employees acting within the scope of employment .

Likewise, Plaintiffs have adequately alleged a claim under the ADA. The TAC sets forth factual allegations demonstrating that Plaintiff Jon Persinger is a qualified individual with a disability, that the County was aware of his disability, and that Defendant failed to provide reasonable accommodations and subjected Plaintiffs to adverse employment actions as a result. Intentional discrimination is not required to state a claim under Title I of the ADA, and Plaintiffs have, in any event, alleged facts supporting a plausible inference of discriminatory conduct.

Viewed in the light most favorable to Plaintiffs, as required on a motion to dismiss, the TAC provides Defendant with fair notice of the claims and the grounds upon which they rest. Defendant's Motion improperly seeks to resolve factual disputes and to impose a heightened pleading standard not required by Rule 8. Accordingly, the Motion to Dismiss should be denied in its entirety.

**FACTUAL AND PROCEDURAL BACKGROUND**

This action arises from a continuing course of discriminatory, retaliatory, and unconstitutional conduct by Defendant County of Placer ("County") against Plaintiff Jon Persinger, a former deputy sheriff who suffers from post-traumatic stress disorder ("PTSD"). Beginning in or about January 2023 and continuing to the present, County employees and Doe defendants—including supervisory and policymaking officials—engaged in conduct that harmed both Jon Persinger and his spouse, Co-Plaintiff Nicole Persinger, including the loss of consortium. These acts and omissions form the basis of Plaintiffs' federal constitutional, statutory, and state-law tort claims.

Plaintiffs commenced this action on October 29, 2024, by filing the original Complaint. (ECF No. 1.) Plaintiffs filed a First Amended Complaint ("FAC") on January 17, 2025, asserting eight causes of action. (ECF No. 10.) The County moved to dismiss the FAC. (ECF No. 11.)

By Order dated July 16, 2025, and entered on July 17, 2025, the Court granted the County's motion to dismiss with leave to amend and denied Plaintiffs' motion to disqualify opposing counsel. (ECF No. 24.) The Court concluded that Plaintiffs had not yet alleged sufficient facts to state a cognizable municipal liability claim under *Monell* pursuant to 42 U.S.C. § 1983. (Id. at 7–8.) Because the federal claim was dismissed, the Court declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims, but expressly granted Plaintiffs leave to amend "with the benefit of the court's reasoning addressing the pleading deficiencies." (Id. at 9.)

Relying on the Court's guidance, Plaintiffs filed a Second Amended Complaint ("SAC") on August 6, 2025, asserting ten causes of action: (1) Americans with Disabilities Act ("ADA"); (2) *Monell* liability under 42 U.S.C. § 1983; (3)Fourth Amendment violations; (4) First Amendment retaliation; (5) Due Process violations; (6) Loss of consortium; (7) Intentional infliction of emotional

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

distress ("IIED"); (8) Discrimination under California Government Code § 12940; (9) Defamation; and (10) Violation of privacy under California Civil Code §§ 56.20–56.245. (ECF No. 26.)

The County filed a Motion to Dismiss and Motion to Strike the SAC on August 20, 2025. (ECF No. 26.) Plaintiffs opposed the motion on September 3, 2025 (ECF No. 27), and the County filed a reply on September 15, 2025. (ECF No. 28.)

On November 13, 2025, the Court issued an order granting the County's Motion to Dismiss the SAC and denying the Motion to Strike. (ECF No. 30.) As relevant here, the Court dismissed Plaintiffs' ADA claim on the ground that the SAC "did not adequately identify on what theory defendant is being sued with respect to plaintiffs' ADA claim." (Id. at 7.) The Court granted Plaintiffs leave to amend the ADA claim. As to the remaining state-law claims, the Court again declined to exercise supplemental jurisdiction. (Id.)

On December 3, 2025, Plaintiffs filed the operative Third Amended Complaint ("TAC"). The TAC asserts the following six causes of action: (1) Violation of the Americans with Disabilities Act, Title I, 42 U.S.C. §§ 12112 and 12112(b)(5); (2) Discrimination in violation of California Government Code § 12940; (3) Defamation; (4) Violation of California Civil Code §§ 56.20–56.245; (5) Intentional infliction of emotional distress; and (6) Loss of consortium.

On December 15, 2025, the County initiated a meet-and-confer on the First, Third, Fifth, and Sixth Causes of Action. During that exchange, the County incorrectly analyzed Plaintiffs' ADA claim exclusively under Title II, asserting that intentional discrimination and a deliberate-indifference standard applied. (See Ex. A). Plaintiffs' TAC, however, expressly pleads an ADA Title I employment discrimination claim, not a Title II public-services claim.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT

Despite this, in its Memorandum of Points and Authorities filed on December 17, 2025, the County alternates between citing Title I standards and invoking Title II authority and "criminal process" concepts that have no application to Plaintiffs' pleaded employment-based ADA claim. (See Defendant's Memorandum of Points and Authorities, at 6 ¶3, 7 ¶2.) The County did not contend during the meet-and-confer that Plaintiffs improperly pleaded under Title I. Instead, Motion sidesteps the operative Title I framework altogether.

Plaintiffs anticipate identifying additional Doe defendants as discovery reveals further County employees and officials responsible for the systemic violations alleged.

## LEGAL ARGUMENT

**I.      The 3rd, 5th, and 6th Causes of Action Are Properly Pled Under Government Code Section 815.2**

Defendant County's reliance on California Government Code § 815 as a categorical bar to Plaintiffs' state-law claims is misplaced. Plaintiffs do not allege direct liability under section 815, but vicarious liability under section 815.2. While § 815 provides that a public entity is not liable for injury "except as otherwise provided by statute," the County ignores the very statute that expressly creates liability here—Government Code § 815.2**.**

Notably, the County challenges only Plaintiffs' Third (Defamation), Fifth (Intentional Infliction of Emotional Distress), and Sixth (Loss of Consortium) Causes of Action. By doing so, the County implicitly concedes the viability of Plaintiffs' statutory claims under FEHA (Cal. Gov. Code § 12940) and the Confidentiality of Medical Information Act ("CMIA"), Cal. Civ. Code §§ 56.20–56.245, both of which independently authorize liability against public entities. These statutory claims therefore remain intact and further undermine Defendant's attempt to invoke § 815 as a blanket immunity.

Government Code § 815.2(a) provides that a public entity "is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee." This statute codifies traditional respondeat superior principles and constitutes a "primary basis for liability" against public entities. *County of Los Angeles v. Superior Court*, 107 Cal. App. 5th 160, 168 (2024).

As the California Supreme Court has explained, public employees are generally liable for their own tortious conduct to the same extent as private individuals unless a specific immunity applies. *Brown v. USA Taekwondo*, 11 Cal. 5th 204, 213 (2021). Whether a public employer may be held vicariously liable depends on the scope of the duty legally attributed to its employees and whether the alleged acts occurred within the scope of employment—questions that are not appropriately resolved at the pleading stage.

Here, Plaintiffs allege tortious misconduct by multiple County employees—including sheriff's deputies, internal-affairs personnel, jail staff, County Counsel, and Doe defendants—acting within the course and scope of their official duties. (TAC ¶¶ 55–69.) These allegations are more than sufficient to invoke § 815.2 at the pleading stage and defeat Defendant's attempt to rely solely on § 815. Section 815 does not bar properly pleaded vicarious liability claims under section 815.2.

The existence and scope of any duty owed by Defendant's employees requires a fact-specific inquiry. Under *Brown*, courts apply a two-step analysis: (1) whether a special relationship or other circumstances give rise to a duty, and (2) whether policy considerations counsel limiting that duty. 11 Cal. 5th at 213. This inquiry necessarily depends on facts not yet developed through discovery.

Similarly, Defendant's anticipated reliance on privilege (Civil Code § 47) or discretionary immunity defenses is premature. These defenses are highly fact-dependent and cannot be resolved on

a motion to dismiss, where the Court must accept Plaintiffs' factual allegations as true and draw all reasonable inferences in Plaintiffs' favor. At this stage, Plaintiffs are not required to negate affirmative defenses.

Plaintiffs' defamation, IIED, and loss of consortium claims are not free-floating common-law torts separated from statutory authority. Rather, they are factually and legally intertwined with Plaintiffs' FEHA and CMIA claims, which independently authorize liability against public entities. Where tort claims arise from the same operative facts as statutory violations, § 815 does not bar liability. Defendant's effort to isolate these tort claims from their statutory foundation ignores the integrated nature of Plaintiffs' allegations.

Accordingly, Plaintiffs' Third (Defamation), Fifth (IIED), and Sixth (Loss of Consortium) Causes of Action are sufficiently stated under California law, and dismissal under Government Code § 815 is unwarranted.

Plaintiffs have pleaded defamation with the requisite specificity. The TAC identifies the specific statements, the speakers, the approximate dates, and the channels of publication, including internal and external dissemination by County employees. Plaintiffs further allege falsity, negligence or malice, lack of privilege, and resulting harm.

The TAC also alleges that Defendant repeated false statements concerning Plaintiff Jon Persinger's off-duty conduct, supporting a plausible inference of malice. Any assertion that the statements are privileged under Civil Code § 47 raises factual issues that cannot be resolved at the pleading stage and require discovery.

Plaintiff Nicole Persinger's loss of consortium claim is properly alleged as a derivative claim arising from the underlying torts, including defamation, IIED, and violations of the CMIA. Because

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT

the underlying claims are adequately pleaded, the derivative loss of consortium claim necessarily survives dismissal.

Defendant's Rule 8 argument fails. While the TAC is detailed, its length is justified by the complexity of the case, the number of statutory schemes involved, and the procedural history requiring multiple amendments. The TAC is chronologically organized, clearly structured, and expressly responsive to the Court's prior guidance.

Rule 8 requires a "short and plain statement," not a skeletal pleading devoid of factual content. The TAC provides Defendant with more than adequate notice of the claims and the grounds upon which they rest.

If Plaintiffs' ADA claim survives—as it should—this Court may and should exercise supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a). All claims arise from the same employment-related nucleus of operative facts, and considerations of judicial economy, convenience, and fairness strongly favor resolving them in a single forum.

**II. Plaintiffs Adequately State a Claim Under ADA Title I, and Dismissal is Unwarranted**

The County's Motion to Dismiss fundamentally misconstrues the Plaintiffs' First Cause of Action. The operative Third Amended Complaint ("TAC") expressly pleads employment discrimination under Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12112 and 12112(b)(5)—and does not assert a public-services claim under Title II. The TAC cures the defect identified by the Court in its prior order by clearly identifying the statutory basis, theories of liability, and employment-related adverse actions at issue.

Specifically, Plaintiffs plead three distinct, well-recognized theories under ADA Title I:

1. Disability discrimination (disparate treatment) under 42 U.S.C. § 12112(a);

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT

2. Failure to provide reasonable accommodation under § 12112(b)(5)(A); and

3. Failure to engage in the interactive process, which independently violates Title I.

The County's repeated invocation of Title II standards—particularly its insistence on "intentional discrimination" and "deliberate indifference" requirements applicable to public-services claims—does not apply to Title I employment claims and improperly conflates two distinct statutory frameworks. The Court should reject this attempt to sidestep the actual allegations pled.

To state a prima facie claim under ADA Title I, a plaintiff must allege that: (1) he is a qualified individual with a disability; (2) he can perform the essential functions of the job with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. The TAC plausibly alleges each element.

Plaintiff Jon Persinger was employed as a Deputy Sheriff II with the Placer County Sheriff's Office beginning in December 2018 (TAC ¶¶ 16–24, 70–71; Persinger Decl. ¶2). He is a qualified individual with a disability, suffering from PTSD and stress-induced hypertension, diagnosed by Dr. Kelada on March 8, 2023. (TAC ¶¶ 35, 72; Persinger Decl. ¶ 4). Defendant County of Placer is an employer subject to ADA Title I.

The TAC alleges that Plaintiff was capable of performing the essential functions of his position with or without reasonable accommodation, including temporary medical leave and modified participation in administrative proceedings. (TAC ¶¶ 74, 83–84; Persinger Decl. ¶ 6). Defendant had actual knowledge of Plaintiff's disability no later than February 28, 2023, when Plaintiff disclosed trauma-related symptoms and requested mental-health assistance, and again on March 2 and March 8, 2023, when Plaintiff submitted medical documentation confirming his PTSD diagnosis and excusing him from meetings. ((TAC ¶¶ 28–31, 36, 75; Persinger Decl. ¶ 7)).

9

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT

After acquiring this knowledge, Defendant took a series of adverse employment actions, including but not limited to (TAC ¶¶ 23–24, 36–39, 41–45, 55–56, 76–77; Persinger Decl. ¶ 8):

- Revoking Plaintiff's access to wellness programs and benefits on January 21, 2023;

- Conditioning EAP counseling on additional medical disclosures;

- Ordering Plaintiff to attend in-person meetings despite written medical restrictions;

- Threatening to send armed deputies to Plaintiff's home to compel attendance at a March 8, 2023 meeting;

- Initiating a Notice of Intent to Terminate based on Plaintiff's inability to attend meetings from which he was medically excused;

- Making public statements asserting Plaintiff was dishonest or exaggerating his condition; and

- Advancing disciplinary and termination proceedings while Plaintiff was on medical leave and unable to safely participate.

These allegations plausibly support disparate treatment and discrimination "on the basis of disability" in violation of 42 U.S.C. § 12112(a).

The County erroneously claims termination was unrelated to Plaintiff's disability. The TAC pleads that the Defendant's refusal to accommodate the Plaintiff's PTSD (e.g. Postponing Skelly proceedings) directly impaired his ability to defend himself, leading to termination – an adverse employment action causally linked to the unaccommodated disability.

Independently, the TAC states a claim for failure to provide reasonable accommodation under 42 U.S.C. § 12112(b)(5)(A). Importantly, intentional discrimination is not an element of a failure-to-

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

accommodate claim. Rather, a plaintiff need only allege that the employer knew of the disability and refused to provide a reasonable accommodation.

Here, Plaintiffs plead extensive facts showing that Defendant had actual notice of Plaintiff's disability and need for accommodation, including medical documentation submitted on March 1, March 8, and April 4, 2023, and Plaintiff's workers' compensation claim for PTSD filed on March 9, 2023, which placed Defendant on formal written notice of a work-related psychiatric disability. (Persinger Decl. ¶ 4-9).

Plaintiff requested multiple reasonable accommodations, including:

- Temporary medical leave supported by physician notes, despite having over 300 hours of available sick leave;

- Permission to attend mandatory meetings after medical clearance;

- Restoration of access to wellness applications, benefits portals, and EAP resources;

- Authorization to use EAP counseling without disclosing additional private medical information;

- Postponement of Skelly and administrative proceedings until Plaintiff could safely participate; and

- Routing communications through counsel to avoid PTSD triggers. (Persinger Decl., ¶ 10).

Each requested accommodation was reasonable, imposed no undue hardship, and would have allowed Plaintiff to participate in the employment process without exacerbating his disability.

Instead, Defendant refused every accommodation, threatened coercive enforcement measures, and compelled Plaintiff on March 8, 2023 to attend an in-person meeting in violation of medical

restrictions—requiring him to review PTSD-triggering dispatch data and an Internal Affairs report questioning the legitimacy of his diagnosis, thereby aggravating his symptoms.

Such allegations squarely state a Title I failure-to-accommodate claim, regardless of Defendant's intent.

The TAC further alleges that Defendant failed to engage in any good-faith interactive process. Despite repeated medical documentation and accommodation requests, Defendant did not propose alternatives, did not assess Plaintiff's functional limitations, and did not meaningfully communicate about accommodations.

This failure directly interfered with Plaintiff's ability to remain employed, respond to administrative proceedings, and protect his mental health. Such conduct independently violates ADA Title I and reinforces the plausibility of Plaintiffs' claims.

The County's attempt to recharacterize the challenged conduct as part of a "criminal investigation" fails as a matter of pleading law. The TAC alleges Skelly proceedings, a Notice of Intent to Terminate, HR and County Counsel involvement, and employment consequences tied directly to Plaintiff's attendance and participation.

Whether certain meetings had a criminal component or were purely administrative is a fact-intensive dispute that cannot be resolved on a Rule 12(b)(6) motion. The County cannot simultaneously invoke its employment authority to discipline and terminate Plaintiff, yet disclaim its ADA and FEHA obligations by rebranding those same actions as criminal in nature.

At the pleading stage, Plaintiffs have plausibly alleged that the challenged conduct constituted adverse employment actions subject to ADA Title I protections.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Finally, the TAC satisfies Rule 8's requirement of a "short and plain statement" showing entitlement to relief. The level of detail is justified by the complexity of the statutory schemes involved and by the Court's prior directive to plead with greater specificity. The TAC is organized, chronological, and directly responsive to prior dismissal orders.

## CONCLUSION

The Third Amended Complaint alleges a detailed, cohesive, and factually supported course of misconduct by Defendant County of Placer and its employees, including disability discrimination under ADA Title I, failure to accommodate, retaliation, defamation, intentional infliction of emotional distress, and loss of consortium. The allegations are not conclusory. Rather, they are presented in a chronological, organized manner, supported by medical documentation, contemporaneous communications, and specific descriptions of adverse employment actions and tortious conduct. Taken as true—as required at this stage—they more than satisfy the plausibility standard under *Ashcroft v. Iqbal*.

Plaintiffs have also properly pleaded state-law claims for which the County may be held vicariously liable pursuant to California Government Code § 815.2, based on tortious acts committed by County employees and Doe defendants acting within the scope of their employment. These claims—including defamation, intentional infliction of emotional distress, and loss of consortium—are sufficiently alleged and are not barred by Government Code § 815. The identities and precise roles of additional responsible actors are matters appropriately explored through discovery, not resolved on a motion to dismiss.

Allowing this action to proceed will permit the Court to evaluate Plaintiffs' claims on a complete factual record, consistent with the strong federal preference for resolving cases on their merits. Granting dismissal at this stage would prematurely foreclose discovery into the County's

internal policies, training failures, decision-making processes, and systemic practices that form the basis of Plaintiffs' claims.

For these reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss and Motion to Strike in their entirety. In the alternative, should the Court identify any pleading deficiency, Plaintiffs respectfully request leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2), which should be freely granted in the interests of justice.

Respectfully submitted,

Dated: December 29, 2025                                              /s/ *David Foyil*

David Foyil, Attorney for Plaintiffs

Exhibits List:

Exhibit A- Meet and Confer Letter

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

# Exhibit A

Ms. Dorris,

Understood. Thank you for the quick response.

Nataliya

**Nataliya Shtevnina**
Deputy County Counsel
Placer County Counsel's Office
175 Fulweiler Avenue
Auburn, California 95603
Tel: (530) 889-4055
Cell: (530) 537-4900
Fax: (530) 889-4069

THIS DOCUMENT IS PROTECTED BY ATTORNEY-CLIENT PRIVILEGE AND OR THE ATTORNEY-WORK PRODUCT DOCTRINE.  DO NOT MAKE THIS PART OF A PUBLIC FILE.

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain information protected by the attorney-client privilege, the attorney work product doctrine or other applicable privileges or confidentiality laws or regulations.  If you are not an intended recipient, you may not review, use, copy, disclose or distribute this message or any of the information contained in this message to anyone.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of this message and any attachments.  Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

NOTICE: Any party attempting to electronically serve documents pursuant to any state or federal rule upon any party represented by this attorney, service must be made upon the following email address: ccl-eservice@placer.ca.gov. The failure to serve this email address constitutes incomplete service. As a professional courtesy, please cc all service emails to nshtevnina@placer.ca.gov and aanvari@placer.ca.gov.

---

**From:** Galina Dorris <galinadorris@equaljusticelawgroup.com>
**Sent:** Tuesday, December 16, 2025 10:17 AM
**To:** Nataliya Shtevnina <nshtevnina@placer.ca.gov>; David Foyil <davidfoyil@equaljusticelawgroup.com>
**Cc:** Shawna Harris <sharris@placer.ca.gov>; Christine Sexton <christinesexton@equaljusticelawgroup.com>
**Subject:** RE: Persinger, Jon, et.al. v. County of Placer

Good afternoon, Ms. Shtevnina.

Mr. Foyil believes that our meet and confer session will not be fruitful, as we have already addressed the same issues previously. Accordingly, we will be prepared to respond to the Motion

Exhibit A - Meet & Confer Letter, Page 002

to Dismiss.

Thank you.

Best regards,

**Galina Dorris, Esq., MPH,**

**Attorney at Law**

**601 Court Street, Suite 106**

**Jackson, CA  95642**

**Sacramento Area:  (916) 442-2265**

**Amador/Calaveras Area:  (209) 223-5363**

**El Dorado Area:  (530) 622-4400**

**Facsimile:  (209) 702-0001**

PLEASE NOTE OUR FIRM REQUESTS ELECTRONIC SERVICE OF ALL DOCUMENTS TO mail@equaljusticelawgroup.com ONLY. DOCUMENTS SERVED TO ANY OTHER EMAIL ADDRESS WILL BE DEEMED IMPROPERLY SERVED.

California Code of Civil Procedure § 1010.6:

Section 1010.6 now requires any represented party to accept electronic service of documents. Additionally, represented parties must serve documents electronically if the other party requests electronic service and provides notice of this rule.

Exhibit A - Meet & Confer Letter, Page 003

California Code of Civil Procedure § 1010.6 (e) (2): A party represented by counsel shall, upon the request of any party who has appeared in an action or proceeding and who provides an electronic service address, electronically serve the requesting party with any notice or document that may be served by mail, express mail, overnight delivery, or facsimile transmission

**Disclaimers:**

**Confidential Communication:** The information contained in this communication, including any attachments, is protected by the attorney-client and/or the attorney work product privilege(s).  It is intended solely for the use of the individual named herein and the privilege(s) is/are not waived by virtue of this electronic transmission.  If the person receiving this communication is not the person intended for its receipt or the employee or agent responsible to deliver it to the person intended for its receipt, any use, dissemination, distribution or copying by any means is strictly prohibited.  This communication should not be construed as creating an attorney-client relationship without the express written agreement of David Foyil.  If you received this communication in error, please immediately delete it from your records and notify the sender by return e-mail.  Although this firm has taken reasonable precautions to ensure no viruses are present in this e-mail, the firm cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments.

**Tax Advice Disclosure:** To ensure compliance with the requirements imposed by IRS Circular 230, any recipient of this e-mail or any of its attachments is hereby informed that, unless this communication expressly states otherwise, any tax advice contained herein is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or other matter addressed herein.

-----Original message-----
From: "Nataliya Shtevnina" [nshtevnina@placer.ca.gov]
Sent: Monday, Dec 15 2025 3:12 PM
To: davidfoyil@equaljusticelawgroup.com
Cc: sharris@placer.ca.gov,maneshbhangu@equaljusticelawgroup.com
Subject: Persinger, Jon, et.al. v. County of Placer

Good afternoon Mr. Foyil,

Upon review of Plaintiff's Third Amended Complaint ("TAC"), filed on December 3, 2025, the County still does not believe that the new complaint addresses or cures the deficiencies identified by the Court in its November 12, 2025, order. Specifically:

1.  The 3rd, 5th, and 6th causes of action ("State Claims") are not based on statute. The County can only be held liable pursuant to a statute. (*See* Gov. Code 815 and 815.2.) Plaintiffs have state law claims for 1) Defamation, 2) Intentional Infliction of Emotional Distress,

and 3) Loss of Consortium.  As these claims are not based on statute, these claims must be dropped.

2. The 1st cause of action for violation of the ADA fails to state a claim for relief on the basis that Plaintiffs' allegations are conclusory and Plaintiffs have not alleged intentional discrimination. "In an action for monetary relief under Title II, a plaintiff must additionally allege intentional discrimination by the defendant. Intentional discrimination under the ADA means that the deliberate indifference standard applies." *Goodwin v. Marin County Transit Dist.*, 675 F. Supp. 3d 1016, 1025 (N.D. Cal. 2022) (citing Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001)). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Wilkins-Jones v. County of Alameda*, 859 F. Supp. 2d 1039, 1044 (N.D. Cal. 2012). Here, the TAC fails to identify the specific accommodations that the County failed to provide.

Please let me know if you wish to meet and confer regarding the deficiencies in the TAC today 12/15 or tomorrow 12/16. The County's deadline to respond to the SAC is Wednesday, 12/17.

Nataliya

**Nataliya Shtevnina**

Deputy County Counsel

Placer County Counsel's Office

175 Fulweiler Avenue

Auburn, California 95603

Tel: (530) 889-4055

Cell: (530) 537-4900

Fax: (530) 889-4069

THIS DOCUMENT IS PROTECTED BY ATTORNEY-CLIENT PRIVILEGE AND OR THE ATTORNEY-WORK PRODUCT DOCTRINE.  DO NOT MAKE THIS PART OF A PUBLIC FILE.

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain information protected by the attorney-client privilege, the attorney work product doctrine or other applicable privileges or confidentiality laws or regulations.  If you are not an intended recipient, you may not review, use, copy, disclose or distribute this message or any of the information contained in this message to anyone.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of this message and any attachments.  Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

NOTICE: Any party attempting to electronically serve documents pursuant to any state or federal rule upon any party represented by this attorney, service must be made upon the following email address: ccl-eservice@placer.ca.gov. The failure to serve this email address constitutes incomplete service. As a professional courtesy, please cc all service emails to nshtevnina@placer.ca.gov and aanvari@placer.ca.gov.