David Foyil (SBN 178067)
Equal Justice Law Group
601 Court St., Suite 106
Jackson, CA 95642
Phone : (209) 223-5363
Fax : (209) 702-0001
Email : mail@equaljusticelawgroup.com

Attorneys for Jon Persinger and Nicole Persinger

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JON PERSINGER AND NICOLE PERSINGER,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>COUNTY OF PLACER, DOES 1 - 100, INCLUSIVE,<br><br>　　　　　Defendants. | Case No.: 2:24-cv-02967-DAD-CSK<br><br>**DECLARATION OF JON PERSINGER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT** |

| | |
|---|---|
| **Date:** | February 2, 2026 |
| **Time:** | 1:30 p.m. |
| **Judge:** | Dale A. Drozd |
| **Department:** | 4, 15th Floor |

| | |
|---|---|
| **Complaint Filed:** | October 29, 2024 |
| **FAC Filed:** | January 17, 2025 |
| **SAC Filed:** | August 6, 2025 |
| **TAC Filed:** | December 3, 2025 |

I, Jon Persinger, declare as follows:

1.  I am the Plaintiff in this action. I have personal knowledge of the statements below, or after reasonable diligence such statements are made upon information and belief, and if called as a witness to testify on such matters I could competently do so. I submit this declaration solely to confirm and contextualize facts already alleged in the Third Amended

- 1 -

Complaint ("TAC") and not to amend, supplement, or add new factual allegations beyond those set forth in the TAC.

2. I worked as a deputy sheriff with Placer County. These facts are alleged in the TAC at paragraphs 16–24 and 70–71. This case arises from a course of discriminatory, retaliatory, and unconstitutional conduct by the County against me, beginning in January 2023 and continuing to the present. This conduct has caused me significant harm, including harm to my health, career, reputation, and to my wife, Co-Plaintiff Nicole Persinger, through loss of consortium.

3. I filed my original Complaint on October 29, 2024. I filed a First Amended Complaint on January 17, 2025, and a Second Amended Complaint on August 6, 2025, which sets forth the claims arising from the facts I describe below. The operative pleading is the Third Amended Complaint filed December 3, 2025.

4. I am a qualified individual with a disability. I suffer from post-traumatic stress disorder (PTSD) and stress-induced hypertension, which were diagnosed by Dr. Kelada on March 8, 2023. These facts are alleged in the TAC at paragraphs 35 and 72.

5. The County of Placer ("Defendant") is an employer subject to the Americans with Disabilities Act ("ADA"), Title I, as alleged in the TAC at paragraphs 6 and 73.

6. I am capable of performing the essential functions of my position with or without reasonable accommodation, including temporary medical leave and modified participation in administrative proceedings. These allegations appear in the TAC at paragraphs 74 and 83–84.

7. Defendant had actual knowledge of my disability no later than February 28, 2023, when I disclosed trauma-related symptoms and requested mental-health assistance, and again on March 2 and March 8, 2023, when I submitted medical documentation confirming my

- 2 -

PTSD diagnosis and excusing me from meetings. These facts are alleged in the TAC at paragraphs 28–31, 36, and 75.

8. After acquiring knowledge of my disability, Defendant took the following adverse employment actions against me, among others, as alleged in the TAC at paragraphs 23–24, 36–39, 41–45, 55–56, and 76–77:

   a. Revoked my access to wellness programs and benefits on January 21, 2023;

   b. Conditioned Employee Assistance Program ("EAP") counseling on additional medical disclosures;

   c. Ordered me to attend in-person meetings despite written medical restrictions;

   d. Threatened to send armed deputies to my home to compel attendance at a March 8, 2023 meeting;

   e. Initiated a Notice of Intent to Terminate based on my inability to attend meetings from which I was medically excused;

   f. Made public statements asserting that I was dishonest or exaggerating my condition; and

   g. Advanced disciplinary and termination proceedings while I was on medical leave and unable to safely participate.

9. These actions constitute disparate treatment and discrimination on the basis of my disability in violation of 42 U.S.C. § 12112(a), as alleged in the TAC at paragraphs 76–80

10. I also allege a claim for failure to provide reasonable accommodation under 42 U.S.C. § 12112(b)(5)(A). I provided Defendant with notice of my disability and requested multiple

- 3 -

Declaration of Jon Persinger in Support of Plaintiffs' Opposition to Defendant's Motion to Dismiss

reasonable accommodations, including those alleged in the TAC at paragraphs 32–35, 44–45, 52–55, 85–86, and 103–105, including:

a. Temporary medical leave supported by physician notes, despite having over 300 hours of available sick leave;

b. Permission to attend mandatory meetings after medical clearance;

c. Restoration of access to wellness applications, benefits portals, and EAP resources;

d. Authorization to use EAP counseling without disclosing additional private medical information;

e. Postponement of Skelly and administrative proceedings until I could safely participate; and

f. Routing communications through counsel to avoid PTSD triggers.

11. Each requested accommodation was reasonable, imposed no undue hardship, and would have allowed me to participate in the employment process without exacerbating my disability, as alleged in the TAC at paragraphs 88–90 and 104.

12. Defendant refused every accommodation, threatened coercive enforcement measures, and compelled me on March 8, 2023, to attend an in-person meeting in violation of medical restrictions, requiring me to review PTSD-triggering dispatch data and an Internal Affairs report questioning the legitimacy of my diagnosis, which aggravated my symptoms, as alleged in the TAC at paragraphs 37–39, 86–89, and 101–102.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

- 4 -

///

///

Dated: December 29, 2025

/s/ *Jon Persinger*
Jon Persinger

Declaration of Jon Persinger in Support of Plaintiffs' Opposition to Defendant's Motion to Dismiss